IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **NEXT GENERATION WIRELESS, LTD.,** : | |
| : | |
| Plaintiff, : | Case No. 06-CV-838 |
| : | |
| v. : | |
| : | JUDGE MARBLEY |
| **THE UNITED STATES OF AMERICA,** : | |
| : | |
| Defendant. : | |

**OPINION AND ORDER**

**I. INTRODUCTION**

This matter comes before the Court on Defendant United States of America's ("Defendant") Motion to Dismiss for want of jurisdiction pursuant to FED. R. CIV. P. 12. Specifically, Defendant avers that Plaintiff, Next Generation Wireless, Ltd. ("Plaintiff") failed to file this action within the applicable statute of limitations. For the reasons stated herein, Defendant's Motion to Dismiss is **DENIED**.

**II. BACKGROUND**

From February 2000 until November 2003, the Internal Revenue Service ("IRS") made assessments against Allied Communications, Inc. ("Allied") and Next Generation Wireless, Inc. ("NG II") for unpaid federal unemployment and employment taxes. Based on the alleged "alter ego" relationship between Allied, NGII, and Plaintiff, the IRS filed notices of federal tax liens in the amount of $639,496,67 against Plaintiff. On or about February 14, 2006, pursuant to a levy, Key Bank transferred a payment in the amount of $15,760.86 from Plaintiff's account to the IRS.

On October 4, 2006, Plaintiff filed this action, seeking to recover the $15,760.86 transferred from Key Bank to the IRS pursuant to the wrongful levy statute, 26 U.S.C. 7426(a)(1).[1] On November 30, 2006, Defendant moved to dismiss the complaint for lack of jurisdiction. On December 1, 2006, Plaintiff amended its complaint to include the allegation that it made a written request to the IRS on or about January 13, 2006 to return the levied funds. On the same day, Plaintiff filed its opposition to Defendant's Motion to Dismiss. Plaintiff replied and the Motion is now ripe for adjudication.

### III. STANDARD OF REVIEW

Defendants contend that dismissal is warranted under FED. R. CIV. P. 12(b)(1), which enables a defendant to raise by motion the defense of "lack of jurisdiction over the subject matter." When a defendant argues that the plaintiff has not alleged sufficient facts in the complaint to establish subject matter jurisdiction, the court takes the allegations in the complaint as true. *Nichols v. Muskingum College*, 318 F.3d 674, 677 (6th Cir. 2003). The plaintiff bears the burden of proving jurisdiction. *Rogers v. Stratton Indus.*, 798 F.2d 913, 915 (6th Cir. 1986). In considering such a motion, however, the court has wide discretion to consider evidence outside the pleadings to resolve disputed jurisdictional facts. *Nichols*, 318 F.3d at 677.

---

[1] 26 U.S.C. § 7426. Civil actions by persons other than taxpayers:

> (a) Actions permitted: (1) Wrongful levy.--If a levy has been made on property or property has been sold pursuant to a levy, any person (other than the person against whom is assessed the tax out of which such levy arose) who claims an interest in or lien on such property and that such property was wrongfully levied upon may bring a civil action against the United States in a district court of the United States. Such action may be brought without regard to whether such property has been surrendered to or sold by the Secretary.

## IV.  LAW and ANALYSIS

Defendant contends that this Court lacks jurisdiction over Plaintiff's complaint because Plaintiff filed it after the expiration of the nine month statute of limitations.  The United States government may be sued only where Congress has waived its sovereign immunity. *United States v. Mitchell*, 463 U.S. 206 (1983).  The government may attach conditions to its waiver such as a statute of limitations; when they do so, the limitations provision constitutes a condition on the waiver of sovereign immunity.  *Block v. North Dakota*, 461 U.S. 273, (1983).  When such conditions are attached, they must be strictly construed.  *See, Whittle v. United States*, 7 F.3d 1259, 1261 (6th Cir. 1993).

Congress has provided for a waiver of sovereign immunity in cases where a claimant seeks the return of property seized to satisfy the tax liability of another. 26 U.S.C. § 7426(a)(1). In order for the Government to waive its sovereign immunity under Section 7426, a non-taxpayer plaintiff bringing a wrongful levy action under must commence the action within nine months of the levy.  26 U.S.C. § 6532(c)(1)[2].  The statute of limitations begins to run on the date on which the notice of levy is served. *State Bank of Fraser v. United States*, 861 F.2d 954, 966-67 (6th Cir. 1988).

---

[2]26 U.S.C. § 6532(c)(1) states:

> Suits by persons other than taxpayers.--
>
> (1) General rule.--Except as provided by paragraph (2), no suit or proceeding under section 7426 shall be begun after the expiration of 9 months from the date of the levy or agreement giving rise to such action.

Defendant issued a notice of levy to Key Bank on December 15, 2005. Plaintiff commenced this action on October 4, 2006, outside the nine month statute of limitations.

Plaintiff retorts that the statute of limitations was tolled when it filed a request with the IRS for return of the levied funds on or about January 13, 2006. Section 6532(c)(2) extends the statute of limitations to twelve months from the filing of a request with the IRS or six months from the IRS's response, whichever is shorter.[3]

In its reply, Defendant concedes that a properly filed request to the IRS tolls the statute of limitations and grants the Court jurisdiction in this case. Defendant, however, states that Plaintiff did not "prove the facts necessary to establish that the provisions of Section 6532(c) were strictly complied with." In its amended complaint, Plaintiff did not plead that the request: (1) was directed to the district director of the IRS; or (2) included Plaintiff's name and address; as required by the applicable Treasury Regulations.[4] Defendant claims that the burden of proof

---

[3] 26 U.S.C. § 6532(c)(2) states:

> Period when claim is filed.--
>
> If a request is made for the return of property described in section 6343(b), the 9-month period prescribed in paragraph (1) shall be extended for a period of 12 months from the date of filing of such request or for a period of 6 months from the date of mailing by registered or certified mail by the Secretary to the person making such request of a notice of disallowance of the part of the request to which the action relates, whichever is shorter.

[4] In order to qualify for the exception under Section 6532(c)(2), the claimant must satisfy the specific requirements for a proper written request as set forth by 26 C.F.R. § 301.6343-2. The request must be "addressed to the district director (marked for the attention of the Chief, Special Procedures Staff) for the Internal Revenue district in which the levy was made." 26 C.F.R. § 301.6343-2(b). The request must also contain certain specific information, including (1) the name and address of the person submitting the request; (2)

4

regarding whether the request was procedurally proper lies with Plaintiff. In doing so, Defendant relies on *Labonte vs. United States*, 233 F.3d 1049, 1052 (7th Cir. 2000), in which the Seventh Circuit refused to toll the statute of limitations in a wrongful levy action pursuant to 26 U.S.C. § 6532(c)(2) because the plaintiff's request was not sent to the district director of the IRS.

In this case, however, because Plaintiff did not attach the request to the IRS to the complaint, the Court cannot ascertain whether the request met the requirements of 26 C.F.R. § 301.6343-2. Defendant asks this Court to dismiss the action because, without proof that Plaintiff's requests met the requirements of the IRS regulations, the statute of limitations is not tolled, the action was filed late, the Government has not waived sovereign immunity, and thus, the Court does not have subject matter jurisdiction. While the burden of proving subject matter jurisdiction lies with the Plaintiff, there is no precedent which indicates that the burden is on Plainitiff to establish the validity of its request at this stage in the proceeding. The Court must take the allegations in the complaint as true. *Nichols v. Muskingum College*, 318 F.3d 674, 677 (6th Cir. 2003). Plaintiff specifically pled that its request was in "conformity with 26 U.S.C. Section 6532(c)(2)." The Court can extrapolate from this assertion, that Plaintiff also contends

---

a detailed description of the property levied upon; (3) a description of the claimant's basis for claiming an interest in the property levied upon; (4) the name and address of the taxpayer, the originating Internal Revenue district and the date of the levy. See 26 C.F.R. § 301.6343-2(b)(1)-(4). If the written request does not contain the proper information, it will still be considered an adequate written request "unless a notification is mailed by the director to the claimant within 30 days of receipt of the request to inform the claimant of the inadequacies...." 26 C.F.R. § 301.6343-2(c).

*Labonte vs. United States*, 233 F.3d 1049, 1052 (7th Cir. 2000).

5

that its request met the standards proscribed in 26 C.F.R. § 301.6343-2. Defendant's theory that Plaintiff failed to proffer evidence sufficient to show that the request met the IRS regulations is best saved for summary judgment. Therefore, Defendant's Motion to Dismiss is **DENIED**.

## V.  CONCLUSION

For the reasons stated herein, Defendant's Motion to Dismiss is **DENIED**.

**IT IS SO ORDERED.**

                                                s/Algenon L. Marbley
                                                **ALGENON L. MARBLEY**
                                                **UNITED STATES DISTRICT JUDGE**

**DATED: June 14, 2007**